UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WOODY D. BILYEU | CIVIL ACTION NO. 09-0248 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| NATIONAL UNION, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to remand, doc. #21 and a motion to file second supplemental complaint, doc. #16 referred to me by the district judge.

Plaintiffs filed this complaint for declaratory judgment seeking a finding by this court that two insurance companies provided coverage under fiduciary liability policies to related companies. By amending complaint, plaintiffs added as defendants the related companies including the company to whom the policies were issued. One of those companies, DirecTech Southwest, Inc., (DirecTech) is a Louisiana company and, therefore, is non-diverse. Defendants argue that the company was fraudulently joined[1] and its presence can be ignored; plaintiff seeks to remand because of the lack of diversity jurisdiction.

---

[1] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th C. 2004). However, the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21.

DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Fraudulent Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004). More specifically, there must be an arguably reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendant's burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d

at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

Defendants make three arguments as to why DirecTech is improperly joined. First, it suggests that DirecTech was bought out by Multiband Corporation and thus is not a proper party in any event. However, plaintiffs suggest that only part of the company was purchased and that there is a dispute as to whether DirecTech may still have some liability. Those issues cannot be resolved at this stage of the proceedings.

Second, defendants argue that DirecTech has not denied payment

3

to plaintiffs under asserted indemnity claims. However, once again, plaintiffs point out that, in fact, the company has failed to pay certain indemnity demands. Nevertheless, this issue will only be before the court should the court allow the second amending complaint which, for the first time, sets forth claims for indemnity. The same is true for defendants' third argument, that an indemnity claim is premature at this stage of the proceedings.

Plaintiffs, on the other hand have cited the court to a case from the Eastern District of Louisiana, Alonzo v. State of Louisiana, 2002 WL 31654918 (E.D. La. 2002), and a Fourth Circuit case, National Union v. Rite Aid, 210 F.3d 246 (4th Cir. 2000). Both cases held that, in a declaratory judgment action concerning coverage, the insured is a necessary and indispensable party under FRCP Rule 19(a).

Here, as in Alonzo, I find that DirecTech claims an interest in the subject of the case, i.e., the issue of whether there is coverage or not, and disposing of the case without its presence would impair its rights. In other words, this court should not determine the issue of whether DirecTech was provided coverage without it being a party to the proceeding.

Defendants suggest, alternatively, that DirecTech should be realigned as a party plaintiff. I agree. DirecTech's interest in determining coverage is identical to that of the plaintiffs, former principals of DirecTech. DirecTech should be ordered to appear as

plaintiff and, if it refuses, should be enrolled as plaintiff by order of the court. FRCP 19, City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941).

Plaintiff also suggests that the amount in dispute does not satisfy the jurisdictional limits requirement. However, it asserts in brief that it has incurred over $300,000 in defense costs. It is clear that the amount in dispute now and at the time of removal easily exceeds the jurisdictional limit of $75,000.

Finally, the court should not allow the second amending complaint, for it would place DirecTech in the position of being both a plaintiff and a defendant. The amending complaint seeks to assert a contractual claim for indemnification from DirecTech and is unrelated to the declaratory judgment issue of whether the two policies of insurance provide coverage or not. The indemnity claim should be filed in state court. There exists no compelling reason the claims need to be tried together.

For the foregoing reasons, IT IS RECOMMENDED, that the motion to remand, doc. #21, be DENIED but that DirecTech be ordered to enroll as a plaintiff, in default of which this court should order the parties realigned. IT IS FURTHER RECOMMENDED, that the motion to file a second supplemental amending complaint, doc. #16 be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

5

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 26th day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE