

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WOODY D. BILYEU, et al. | CIVIL ACTION NO. 09-00248 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA, et al. | U.S. MAGISTRATE JUDGE KIRK |

### REASONS FOR JUDGMENT

We have carefully examined the Report and Recommendation issued by the Magistrate Judge in this case. We also received extensively briefed objections to it and have reviewed the same. We generally agree with the factual findings and observations in the Report and Recommendation. Subsequent objections, filed by plaintiffs, raise several potentially justiciable arguments on the propriety of the Court's requiring realignment of the Directech entities. First, plaintiffs suggest realignment is improper because realignment was not set out as a basis for removal in the original removal pleadings and only was first asserted in defendants' opposition to the remand motion. Plaintiffs cite several federal district court opinions from Texas which indeed do

turn upon the TIMING of the issue's being raised. Nevertheless, we need not and do not decide whether the interpretation by these courts is correct. There is also authority for the proposition that realignment is an issue that can potentially be determined during the Court's analysis without it being specially plead. Such appears to have been the case in *Balliviero vs. Konrad*, 2001 WL 1041771 E.D. LA 2001) [mis-cited by counsel for plaintiffs as the *Valliviero* case]. *Balliviero*, however, is a shareholder derivative action case to which special rules attach regarding realignment. It was also not a removal case. However interesting the timing issue might be it is neither critical nor necessary to this decision.

Instead, we note that the first supplemental petition was filed in state court on January 26, 2009. The case was not removed until February 13, 2009. Accordingly, the nature of the allegations in the first supplemental petition are properly considered on this motion to remand. Important to observe is that the petition seeks two different bases for relief against the Directech entities. The first is the matter of possible indemnification from the Directech parties to plaintiffs which presumably, WOULD, as the Magistrate Judge correctly observed, be compatible with plaintiffs' claims against the insurers. We agree that there is a clear

community of interest in favor of realignment on this issue. The point is simple: If there is coverage under either or both insurance policies, it is possible that some or all of plaintiffs' indemnity claims against the Directech entities will go away, as the insurers will fund the defense and those indemnity claims. In this single regard we think plaintiffs and the Directech entities are indeed "Partners in Litigation."

The problem, however, is that the supplemental petition's claims against the Directch entities ALSO include a demand for declaratory relief on plaintiffs' "status with the companies named herein and the Employee Stock Ownership Plans...." (Added Paragraph 4a, First Supplemental and Amending Petition, Doc. 1-3). Based upon the original and first supplemental and amending allegations, plaintiffs are asking for a declaration of two different relationships, one with the Directech parties and one with the insurers.

Louisiana's Declaratory Judgment Act, LA. Code Civ. P. Art. 1871, allows a court to "declare rights, status and other legal relations, whether or not further relief is or could be claimed." The federal version, found in 28 U.S.C. § 2201, is of virtually identical import.

In the pleadings here, we see allegations that plaintiffs were trustees of certain Employee Stock Option Plans, that the

3

plans have been investigated by the government and that the relationship between the plaintiffs and the plans is at issue. It is not difficult to foresee that consideration of this case on the merits may lead to declarations that plaintiffs are insureds under the policies or not; and, that they are entitled to insured AND UNINSURED indemnities from the Directech parties, or not. At this juncture, we certainly cannot say the request for declaratory relief as to either set of defendants is unreasonable or obviously fraudulent. The requests for a declaration of the relationship with the Directech parties, in short, may result in separate, definitive, stand alone declarations independent of the insurance coverage declarations. These demands are clearly adversarial as between plaintiffs and the Directech parties and are not capable of being folded into the demands against the insurers.

We look at the jurisdictional issues as a snapshot at the time of removal. *Manguno vs. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). We do observe that, perhaps, the indemnity and status claims in the original and first amending petitions are improperly cumulated in the same suit. That issue is, however, not before us as it has neither been raised as part of the removal proceedings nor briefed. Consequentially, it is our view that, with the factual and legal conjunction of these two competing demands by plaintiffs

4

against the Directech parties, complete realignment is impossible. Even if the indemnity realignment is imposed, the Directech parties will remain adverse to plaintiffs; there is, therefore, incomplete diversity and federal court jurisdiction cannot be, under these circumstances, sustained.

Judgment will be signed ordering this case remanded to the Eighth Judicial District Court in Winnfield, Louisiana. Likewise the pending Motion to Dismiss (Doc. No. 49) and the motion to amend the petition for a second time (Doc. No. 16) will be denied as rendered MOOT by this ruling and the remand. The denial is, of course, without prejudice to the right to raise the issues presented in them in state court.

**THUS DONE AND SIGNED**, in chambers, in Alexandria, Louisiana, on this 26th day of March, 2010.

**Dee D. Drell**
**UNITED STATES DISTRICT JUDGE**